# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2135 | **DATE** | 6/26/2002 |
| **CASE TITLE** | VICTOR AFANASSOV, et al vs. ROBERT VORBROKER | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 8/28/02 at 9:00 a.m. Enter Memorandum Opinion And Order. Janik's motion to dismiss is denied. All answers to be filed by July 10, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices: 3 | **Document Number** |
| | Notices mailed by judge's staff. | | JUN 2 7 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | JUN 2 7 2002 date mailed notice | |
| LG | courtroom deputy's initials | | JUN 26 PM 6:25 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VICTOR AFANASSOV, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 02 C 2135 |
| v. ) | |
| ) | Judge John W. Darrah |
| ROBERT VORBROKER and RICHARD A. JANIK, ) | |
| ) | |
| Defendants. ) | |

**DOCKETED**

## MEMORANDUM OPINION AND ORDER

JUN 27 2002

Plaintiffs, on behalf of themselves and other similarly situated individuals, filed a complaint against Defendants, Robert VorBroker ("VorBroker") and Richard A. Janik ("Janik"), alleging that the Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b). Presently before the Court is Janik's Motion to Dismiss.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir.2000). Dismissal is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff need not plead facts or the elements of a claim, with those exceptions specified in Rule 9. Instead, a plaintiff need only plead the bare minimum facts necessary to put a defendant on notice of the claim so that the defendant can file an answer. *See Swierkiewicz v. Sorema*, 534 U.S. 506, ___ (2002) (*Sorema*); *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (*Higgs*).

A reading of the Complaint supports the following summary of the alleged conduct of the

parties.

Plaintiffs held various positions at Zema Foods ("Zema") until May 21, 2001, at which time their employment was terminated. Janik was an executive and/or manger at Zema who was responsible for the day-to-day operations of Zema and acted directly and indirectly to control the employment of the Plaintiffs. Janik also exercised control over the payment or nonpayment of wages, overtime, and all matters relating to the compensation of employees. On May 11, 2000, Zema made an assignment for the benefit of creditors.

Defendants willfully failed to pay numerous Plaintiffs for all hours worked from April 22, 2000 to and including May 8, 2000, including overtime pay. Defendants willfully failed to pay other Plaintiffs for all hours worked from April 30, 2000 to and including May 8, 2000, including overtime pay.

Janik argues that Plaintiffs' Complaint should be dismissed for failing to state a claim because Plaintiffs have failed to allege facts which give rise to an inference that Janik is personally liable under the FLSA.

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee". 29 U.S.C. § 203(d). This "expansive" definition, *Falk v. Brennan*, 414 U.S. 190, 195 (1973), includes a "supervisor who uses his authority over the employees whom he supervises to violate their rights under the FLSA". *See Luder v. Endicott*, 253 F.3d 1020, 1022 (7th Cir, 2001) (*Luder*); *Riordan v. Kempiners*, 831 F.2d 690, 695 (7th Cir. 1987) (*Riordan*). A defendant who meets the definition of "employer" may be liable for a FLSA violation. *See Luder*, 253 F.3d at 1022; *Riordan*, 831 F.2d at 695. Accordingly, the FLSA will apply to a defendant if he or she possesses control over the aspect of employment

alleged to have been violated even if the defendant does not exercise complete control over the day-to-day affairs of the employer. *See Freemon v. Foley*, 911 F. Supp. 326, 331 (N.D. Ill. 1995); *Reich v. Harmelech*, 1996 WL 308272 (N.D. Ill. June 5, 1996) *(Reich)*.

In the instant case, Plaintiffs allege that Janik (1) was an executive and/or manager of Zema and was responsible for the day-to-day operations of Zema, (2) had direct and indirect control over the Plaintiffs, (3) exercised control over the payment and nonpayment of wages to Plaintiffs, and (4) willfully failed to pay the Plaintiffs wages and overtime pay. These allegations and the inferences reasonably drawn from them sufficiently plead that Janik possessed control over the aspect of the Plaintiffs' employment, including the payment of wages and overtime and the alleged FLSA violation. Janik repeatedly cites to the facts that the *Reich* court relied upon in finding that the defendants were employers under the FLSA, arguing that the same facts are not alleged in the instant case. However, Plaintiffs need not plead the facts set forth in *Reich*, in which the court was deciding a motion for summary judgment and not whether the *Reich* plaintiffs sufficiently pled a cause of action.

For the foregoing reasons, Janik's Motion to Dismiss is denied.

Dated: June 26, 2002

JOHN W. DARRAH
United States District Judge

3